IN THE **UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| SHAWN SHANNON, No. 19836-026, | )  |
| | )     Case No. 18-CV-02233 |
| Petitioner, | ) |
| | ) |
| v. | )     Hon. James E. Shadid, |
| | )     Chief United States District |
| | )     Judge, Presiding |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

MOTION FOR LEAVE TO AMEND §2255 MOTION AND MEMORANDUM

Petitioner, Shawn Shannon, by his attorney Curt Lovelace, respectfully moves this Court to allow him leave to amend his §2255 Motion and Memorandum.

**Procedural History**

1. Final judgment was entered against Petitioner, Shawn Shannon, on September 13, 2017 sentencing him to 60 years in prison.

2. On September 12, 2018 he filed his first Motion Under 28 U.S.C. § 2255 with this court within the one-year statute of limitation.

3. In that §2255 Motion, he indicated that his counsel was preparing a memorandum of law that further articulated the legal and factual basis for these claims, and he would seek leave to present that memorandum of law to aid the Court in its consideration of his claims.

4. On September 13, 2018 counsel filed Petitioner's Motion for Leave to File Memorandum of Law requesting 30-days to file said memorandum.

1

5. On September 18, 2018 this Court granted Petitioner's Motion for Leave to File, ordering Petitioner to file the Memorandum on or before 10/13/2018.

6. On October 12, 2018, Petitioner filed his Memorandum.

7. Additionally, this Court granted Petitioner's Motion for Leave to Supplement with Declarations by 11/27/2018, which Petitioner filed by that date.

8. On November 29, 2018, this Court indicated that Petitioner's Motion could have merit and order the Respondent to show cause within twenty-one (21) days after service of this Order.

## Additional Claim - *Ex Parte* Communication

9. When Petitioner's counsel filed his Motion and Memorandum he was made aware through media reports that there had been a claim that the trial judge, Judge Colin Bruce, had engaged in improper *ex parte* communication during the December 2016 trial of Sarah Nixon. See https://www.pjstar.com/news/20180817/judge-in-aaron-schock-case-removed-from-all-cases-involving-federal-government.

10. On August 17, 2018 Petitioner's counsel sent a letter to U.S. Attorney John E. Childress, United States Attorney's Office Central District of Illinois, and in that letter stated,

> As Mr. Shannon's post-conviction criminal defense attorney, I have a responsibility to conduct an investigation to determine whether similar communications occurred during the course of Mr. Shannon's prosecution. I request that you review your office's records to ensure that Judge Bruce did not engage in *ex parte* communication with personnel from the U.S.

2

attorney's office during the course of my client's prosecution. In accordance with *Brady v. Maryland*, I ask that you provide me copies of all communication between Judge Bruce and your office between April 20, 2015, the date my client first appeared before Judge Bruce, and September 13, 2017, the date my client was sentenced to 60 years in prison.

11. On September 24, 2018, Petitioner's counsel received a letter from U.S. Attorney John E. Childress signed by Assistant United State's Attorney Elly M. Pierson enclosing,

> copies of emails, along with attachment (if any) that (1) may constitute an *ex parte* communication between the Hon. Colin S. Bruce, United State District Jude, and a member of our office, and (2) that concern cases in which you and/or a member of your officer were (or presently are) lead counsel of record.

12. On November 13, 2018. Petitioner's Counsel received an email from Tom Patton, Federal Public Defender Central District of Illinois, enclosing,

> some *ex parte* emails exchanged in Mr. Shannon's case. I am attaching the motion for new trial I filed in Ms. Nixon's case. It has the emails concerning Mr. Shannon's case attached **along with the other disclosed emails for clients we represented [emphasis added]**. See *United States of America v. Sarah Nixon*, 2:15-cr–20057-JES-EIL #173, E-filed on October 25, 2018

13. On November 30, 2018, Petitioner's counsel reviewed with Petitioner Ms. Nixon's Motion for New Trial that included the copies of the *ex parte* emails in his case **and other cases**. Petitioner understands that if this Court grants this Motion, this Court's Order on November 29, 2018 would change and the adjudication of his ineffective assistance of counsel claim would be delayed.

14. Petitioner believes that Judge Bruce has demonstrated a pattern of bias in favor of the government by engaging in unethical *ex parte* communications with the United States Attorney's office in his case and other cases.

15. This newly discovered evidence of Judge Bruce's bias, and the United Attorney's office's failure to timely disclose the bias, deprived Petitioner of a fair trial before an unbiased judge.

WHEREFORE, Petitioner respectfully requests that this Court grant him leave him leave to amend his §2255 Motion and Memorandum to include the aforementioned claim.

/s/ Curtis T. Lovelace
_____
Curt Lovelace
Movant's Attorney

Curt Lovelace
116 W. Main St.
Urbana, IL 61801
(217) 531-6616
curtlovelace@thejusticeinitiative.org
Illinois ARDC Registration No. 6225495

## **CERTIFICATE OF SERVICE**

I, Curt Lovelace, certify that on December 3, 2018, I delivered the attached Motion for Leave to Supplement to counsel of record by electronic means through the District Court's CM/ECF System.

/s/ Curtis T. Lovelace
_____
Curt Lovelace